IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANCESCA CATALDO                                                                    PLAINTIFF

V.                                              NO. 14-5318

FEDERAL NATIONAL MORTGAGE ASSOCIATION                          DEFENDANT


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Doc. 5); Motion to Dismiss filed by Defendant Federal National Mortgage Association ("Fannie Mae") (Doc. 13); and Plaintiff's Motion to Submit R.E.S.P.A. Qualified Written Request (Doc. 18). Plaintiff and Defendant have responded to the motions.

**I.     PROCEDURAL BACKGROUND:**

This action comes as a result of a foreclosure action that was filed in state court by Fannie Mae against Plaintiff. In her Amended Complaint now before this Court, Plaintiff asserts a cause of action against Defendant for violation of the Fair Debt Collection Practices Act, "by providing false and misleading information by having a third-party debt collection agency (Green Tree Servicing LLC) mail a dunning letter dated January 10, 2014 (see Exhibit A) by U.S. Mail to the Plaintiff which asked for a lump sum of money." (Doc. 9 at p. 10). Plaintiff also asserts a cause of action for negligence, stating that by Fannie Mae demanding money, it misled Plaintiff into believing that she was under obligation to forfeit Plaintiff's property to Defendant

-1-

in the form of money. (Doc. 9 at p. 11). Plaintiff further asserts that pursuant to Arkansas statute, Fannie Mae's foreclosure action is time barred. (Doc. 9 at p. 11). In her prayer for relief, Plaintiff seeks: an order declaring the foreclosure of her home void and of no force and effect; an order to quiet title in the property that is the subject of the foreclosure; $200,000 in damages; prejudgment and postjudgment interest; and attorneys' fees and costs. (Doc. 9).  In essence, Plaintiff continues to contest the foreclosure of her property which was the result of the previously initiated  state court proceeding.

**II.     Defendant's Motion to Dismiss:**

In its Motion to Dismiss, Fannie Mae asserts that Plaintiff's complaint should be dismissed  pursuant to Fed.R.Civ.P. 12(b)(1),(2),(4),(5), and (6). (Doc. 13). More specifically, Defendant argues that the Court lacks subject matter jurisdiction under the "Rooker-Feldman doctrine," and the action should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1); that the Complaint fails to state a claim upon which relief can be granted based upon the doctrine of res judicata, and should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(6); and that the Court lacks personal jurisdiction, as there has been insufficient process and insufficient service of process, and the action should therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(2)(4) & (5). (Doc. 13).

**A.     State Court Proceeding:**

Attached to Defendant's Motion to Dismiss are documents which reflect that on May 9, 2014, Fannie Mae filed a Complaint for Unlawful Detainer in the Circuit Court of Benton County, Arkansas, stating that it was the lawful owner of the real property in question. (Doc. 13-1) . Fannie Mae alleged that it made demand for possession of the property, but that Francesca

Cataldo "refused to quit possession of the Premises and still wilfully withhold and unlawfully detain the same from plaintiff and against plaintiff's interests and rights therein." (Doc. 13-1 at p. 2). The mortgage deed attached to the state court complaint reflects that Green Tree Servicing LLC assigned its interest in the property to the Federal National Mortgage Association (Fannie Mae), its successors and assigns. (Doc. 13-1 at p. 4).

On May 27, 2014, Ms. Cataldo filed a response to the state court complaint, asking for a temporary injunction to "cease all efforts to evict the Defendant while the lawsuit with Fannie Mae/Federal National Mortgage Association is ongoing." (Doc. 13-2 at p. 1). Ms. Cataldo also stated that her mortgage contract was with Countrywide Financial, and that she does not, and "never has, had a mortgage contract with Fannie Mae/National Federal Mortgage Association, nor with Bank of America, nor with BAC Home Loans, nor with Green Tree Servicing LLC." (Doc. 13-2 at p. 2). Ms. Cataldo also filed a counter complaint on June 16, 2014. (Doc. 13-3).

On September 2, 2014, Fannie Mae filed a Motion for Summary Judgment in the state court proceeding. (Doc. 13-6). On October 1, 2014, the state court entered an Order Granting the Motion for Summary Judgment. (Doc. 13-8). In said Order, the Court noted that Ms. Cataldo failed to file a response to the Motion for Summary Judgment within the time frame allowed under the Arkansas Rules of Civil Procedure, and was therefore in default. (Doc. 13-8 at p. 2). The Court also noted that Ms. Cataldo "has failed to meet proof with proof, and has failed to demonstrate the existence of a genuine issue of material fact." (Doc. 13-8 at p. 2). Accordingly, the Court found that Plaintiff had established a prima facie entitlement to summary judgment, and was entitled to judgment as a matter of law. On October 27, 2014, a Writ of Possession (Real Property) was filed in state court, commanding the Sheriff of Benton County, Arkansas,

-3-

to take from the possession of Ms. Cataldo the property in question. (Doc. 13-9).

### B. Federal Court Proceeding:

In a response filed in the case now before this Court, Plaintiff argues that there is a federal question claim involved in this action, that is, the Fair Debt Collection Practices Act (FDCPA), and questions and claims of violation of Constitutionally protected Fundamental Rights; that there are violations of Plaintiff's "common-law Rights" in matters involving Federal Corporations and Interstate Commerce in the form of lending and Banking; and that there are violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code ("UCC" hereafter)." (Doc. 16 at p. 2). She further argues that there are exceptions to res judicata, and that she was "being denied any sort of due process and equal protection of the laws." (Doc. 16 at p. 4). Plaintiff also argues that Defendant's arguments regarding service are premature, as her in forma pauperis motion had not yet been ruled upon.[1] (Doc. 16 at p. 5).

### A. Lack of Subject Matter Jurisdiction :

The Court believes Plaintiff's complaint could be dismissed for lack of subject matter jurisdiction under the "Rooker-Feldman doctrine," because the federal complaint is aimed squarely at the state court foreclosure judgment and because "federal district courts have no jurisdiction over 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Osun v. Flagstar Bank, F.S.B., No. 4:13CV721NAB, 2013 WL 2642830 at *2 (E.D. Mo., June 12, 2013)(quoting Knutson v. City

---

[1] On January 6, 2015, the Court granted Plaintiff's motions to proceed in forma pauperis. (Doc. 20).

of Fargo, 600 F.3d 992, 995 (8th Cir. 2010); See Shjeikhani v. Wells Fargo Bank, 577 Fed. Appx. 610, 611(7th Cir. 2014)(unpublished opinion)(holding that Plaintiff challenging a state foreclosure judgment and invoking § 1983 and FDCPA in federal court is aimed squarely at the foreclosure judgment and is barred by Rooker-Feldman); Crown v. U.S. Bank, N.A., No. 10-0730-CV-W-ODS, 2010 WL 2976168 at *1 (W.D. Mo., July 23, 2010).

Even if the Court did not dismiss this matter under the "Rooker-Feldman doctrine," it would nevertheless recommend dismissal of the complaint based upon the doctrine of res judicata.

### B.    Res Judicata:

The Arkansas law of claim preclusion bars a claim in a second suit when:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privies.

Edwards v. City of Jonesboro, 645 F.3d 1010, 1020 (8th Cir. 2011)(quoting Ark. Office of Child Support Enforcement v. Williams, 338 Ark. 347, 995 S.W.2d 338, 339 (1999).  Applying the foregoing facts to this action, the Court believes Plaintiff's claims are barred by res judicata. The state court Order granting the Motion for Summary Judgment was a final adjudication of the merits of Plaintiff's claim; the state court had jurisdiction over Plaintiff's state-court action; the parties fully contested the suit in good faith - Plaintiff filed a response to the complaint as well as a counter complaint, and Plaintiff could have alleged her federal question claims as part of her response and counter complaint; Plaintiff's federal claims were based on the same event as her state law claims before the state court, namely the proof of ownership of the real property and Defendant's authority to demand payment of the mortgage; and finally, both suits involve

-5-

the same parties.

Accordingly, the Court believes Plaintiff's claims in this federal action are barred by the doctrine of res judicata.

### C.     Insufficient Service:

It is not necessary to address this issue, as the above findings make this issue moot.

### III.    Plaintiff's Motion for Temporary Restraining Order (TRO) and Motion to Submit R.E.S.P.A. Qualified Written Request:

Plaintiff filed a Motion for TRO and Motion to Submit R.E.S.P.A. Qualified Written Request on December 19, 2014. (Docs. 5, 18). Based upon the Court's recommendation that this matter should be dismissed, the Court believes these motions are moot and should therefore be denied.

### IV.    Conclusion:

Based upon the foregoing, the Court hereby recommends that Defendant's Motion to Dismiss **(Doc. 13)** be **granted** for lack of subject matter jurisdiction (Fed.R.Civ.P. 12(b)(1)) and for failure to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6). The Court also recommends that the Motion for Temporary Restraining Order **(Doc. 5)** and the Motion to Submit R.E.S.P.A. Qualified Written Request **(Doc. 18)** be **denied** as moot, based upon the foregoing findings.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of January, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)