IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

FRANCESCA CATALDO                                                                              PLAINTIFF

v.                                          Case No. 5:14-CV-05318

FANNIE MAE/FEDERAL NATIONAL MORTGAGE
ASSOCIATION                                                                                    DEFENDANT

**OPINION AND ORDER**

Currently before the Court are the findings and recommendations (Doc. 22) of the Honorable Erin L. Setser, United States Magistrate Judge for the Western District of Arkansas. Also before the Court are Plaintiff Francesca Cataldo's objections (Doc. 23). The Court, having reviewed this case *de novo*, finds that Ms. Cataldo's objections offer neither law nor fact requiring departure from the report and recommendation.

The Magistrate recommends granting Defendant the Federal National Mortgage Association's ("Fannie Mae") motion to dismiss on the basis that this Court does not have jurisdiction pursuant to the *Rooker-Feldman*[1] doctrine and as barred by claim preclusion. It is clear from her objections that Ms. Cataldo's main objective is to challenge the Arkansas state court's finding in favor of Fannie Mae in Fannie Mae's unlawful-detainer action. Plaintiff states that she is requesting "the overruling and dismissal of the Arkansas state-held case;" "a trial de novo;" recognition of "the negligence and injustices of the previously state-held case;" and "that the previously state-held case be over-turned and dismissed." (Doc. 23, pp. 5-6, 13, 16). Ms. Cataldo did not pursue an appeal in state court, and the Court adopts the finding of the Magistrate that this

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).

is not the appropriate forum for challenging a state-court decision.

Liberally construing Ms. Cataldo's objections, Ms. Cataldo argues that she should be able to bring the following claims in this action: (1) a claim for violation of the Fair Debt Collection Protections Act ("FDCPA") by Green Tree Servicing, LLC; (2) a claim for unlawful foreclosure; (3) a claim that the state court violated her constitutional rights; (4) mortgage fraud; (5) "violations of Plaintiff's common-law Rights in matters involving Federal Corporations and Interstate Commerce in the form of [deceptive] lending and Banking practice;" and (6) "violations of Plaintiff's Rights codified pursuant to Interstate Law/Compact entitled the Uniform Commercial Code." (Doc. 23, p. 10, use of brackets in original). Plaintiff also objects that her motion to submit a qualified written request pursuant to the Real Estate Settlement Procedures Act ("RESPA") should be granted.

It is clear that the Court has no jurisdiction, pursuant to the *Rooker-Feldman* doctrine, over any of Ms. Cataldo's challenges to the state court's alleged violations of her rights based on disagreements Ms. Cataldo has with the procedural handling of her case or with its substantive outcome. Furthermore, Ms. Cataldo has not named any state actor as a defendant in this case. And insofar as Ms. Cataldo complains that the state-court judge took actions violating her constitutional rights, the judge would in any event be entitled to judicial immunity. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (absent applicability of two narrow exceptions, "[a] judge is immune from suit, including suits brought under [42 U.S.C.] section 1983 to recover for alleged deprivation of civil rights").[2]

---

[2] An exception to judicial immunity exists when a judge acts "in the complete absence of all jurisdiction." *Schottel*, 687 F.3d at 373. The Court rejects Ms. Cataldo's arguments that the state court did not have jurisdiction over the unlawful-detainer action. The fact that Ms. Cataldo had objections to the foreclosure of her home and to her eviction based on her understanding of federal law neither conferred jurisdiction exclusively in the federal courts nor deprived the state court of its

Assuming for argument's sake that the Court were incorrect in finding that the Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine as to Ms. Cataldo's other claims and in finding that Ms. Cataldo's claims were precluded, Ms. Cataldo's remaining claims also fail on their merits. "[L]enders and mortgage companies are not 'debt collectors' within the meaning of the FDCPA." *Cherian v. Countywide Home Loans, Inc.*, 2012 WL 5879281 at *4 (D. Idaho, Nov. 20, 2012). Even if Ms. Cataldo were to show that she fell into an exception to this rule,[3] her claim of a violation is without merit. Ms. Cataldo's FDCPA claim is premised on her theory that Green Tree Servicing, LLC[4] was not authorized to collect on her mortgage debt until it could provide her with proof that it held the original promissory note executed with Ms. Cataldo's mortgage. Ms. Cataldo's claim for unlawful foreclosure is likewise based on a "show-me-the-note" theory. Such theories have been rejected by Arkansas courts in challenges to non-judicial foreclosure proceedings. *See, e.g.*, *Anderson v. CitiMortgage, Inc.*, 2014 Ark. App. 683, *4-*5 (Dec. 3, 2014). The Court sees no reason to disagree with the Arkansas courts on this issue of state law.

While Ms. Cataldo objects generally that Fannie Mae and banks at large committed mortgage fraud causing the great recession in 2008, she states no particularized claim, as required by Federal Rule of Civil Procedure 9(b), sufficiently for the Court to construe a valid, cognizable cause of action

---

jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." (internal quotation omitted)).

[3] *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (FDCPA may apply, assuming other requirements are met, to the assignee of a mortgage debt if the mortgagor was in default at the time the mortgage was assigned) *modified on other grounds*, 761 F.2d 237 (5th Cir. 1985). The Court is unaware of whether the mortgage was in default at the time Green Tree Servicing, LLC acquired it.

[4] Green Tree Servicing, LLC was not named by Ms. Cataldo as a defendant in this case.

for fraud. Ms. Cataldo's vague assertions of violations of her "common-law rights" are also insufficient to state a claim.

Ms. Cataldo also asserts violations of the Uniform Commercial Code ("UCC"), citing to A.C.A. §§ 4-3-501 (Presentment), 4-3-602 (Payment), and 4-3-603 (Tender of Payment). First, a reading of the cited-to sections does not reveal any intent to provide an independent cause of action. Second, enforcement of real estate mortgages is not generally covered by the UCC. *Bank of Bearden v. Simpson*, 305 Ark. 326, 344 (1991). Third, Ms. Cataldo's claim that Fannie Mae or Green Tree violated the UCC section on presentment is again based on her show-me-the-note theory that has previously been rejected. Fourth, Ms. Cataldo's claims under the payment and tender-of-payment provisions are not clearly stated, and Ms. Cataldo has not asserted that she made any payment to any entity pursuant to the mortgage such that those UCC provisions should apply.

Finally, as to Ms. Cataldo's objection regarding her RESPA request, requests for information regarding loan origination, validation, and ownership do not relate to loan servicing and are outside the narrow scope of RESPA. *See, e.g.*, *Medrano v. Flagstar Bank, FSB*, 500 Fed. Appx. 645, 647 (9th Cir. 2012) (unpublished) (RESPA does not provide remedy for non-disclosure of assignment of an interest in a promissory note); *Cezair v. JPMorgan Chase Bank, N.A.*, 2014 WL 4295048 at *8 (D. Md. 2014) (collecting cases). Furthermore, Ms. Cataldo does not need to seek a Court order allowing her to submit a qualified written request pursuant to RESPA. She can submit RESPA requests directly to her loan servicer.

In substance, Ms. Cataldo seeks to challenge the state court's rulings and to halt eviction proceedings against her. This action is not substantively, procedurally, or jurisdictionally appropriate to achieve those ends. A federal district court is not a court of appeals that can or should review state

court rulings. Ms. Cataldo had a chance in state court to litigate her disagreements with Fannie Mae obtaining possession of her property. While she now objects to the state court's findings, she did not appeal those findings to the Arkansas Court of Appeals—the proper forum to hear such objections.

The Court finds that the report and recommendation of the Magistrate is proper and should be and hereby is ADOPTED as supplemented by the findings made in this order. Accordingly, IT IS ORDERED that Defendant's motion to dismiss (Doc. 13) is GRANTED, and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff's motions (Docs. 5 and 24) for a temporary restraining order are DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion to submit a RESPA qualified written request is DENIED as not requiring court action.

IT IS FURTHER ORDERED that Plaintiff's motion to deny motion to dismiss (Doc. 16) and motion to dismiss a response (Doc. 21) are TERMINATED as procedurally improper. The Court has considered those documents as a response and a reply respectively.

Judgment will be entered accordingly.

IT IS SO ORDERED this 17th day of February, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE